UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

VANARDI LEGRAND

                    Plaintiff,

       -against-

POLICE OFFICERS JOHN COSTIN, (tax 903693); WALIUR RAHMAN (shield 6428); EDWARD SINCLAIR, (shield 5116); JAMES RIVERA (shield 5027); ROBERT MALONEY (shield unknown)

                    Defendants.
------------------------------------------------------------- X

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, **VANARDI LEGRAND**, by and through his attorney, **KENNETH F. SMITH, PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which plaintiffs seeks relief for violation of plaintiff's rights as secured by 42 U.S.C. §§ 1983 and the 1988; and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.

2. Plaintiff's claims arise from an incident that took place at his home in Brooklyn, New York on or about March 8, 2013. During the incident members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things: unlawful search and seizure; false arrest; unreasonable force; failure to intervene; malicious prosecution; and denial of a fair trial.

3. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, pursuant 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

5. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

6. Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. §1391 (a), (b) and (c), in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action.

## PARTIES

8. Plaintiff Vanardi Legrand is a resident of the State of New York, Kings County.

9. The plaintiff is a sixty-one year old African-American male.

10. At all times herein, defendants Sgt. John Costin, Tax # 903693, Det. Waliur Rahman, Shield # 6428, Det. Edward Sinclair, shield 5116; Det. James Rivera, shield 5027; Sgt. John Maloney (shield unknown) and P.O. John Does # 1-10 were New York

City Police Officers, employed with the 77th precinct and/or a Brooklyn Narcotics Enforcement unit, located in Kings County, New York.

11. The defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

12. On March 8, 2013, at and in the vicinity of 222 Brooklyn Avenue, Brooklyn, New York, and the 77th precinct, Brooklyn, New York, several police officers operating from the 77th precinct and/or a Brooklyn Narcotics Enforcement unit, located in Kings County, New York including upon information and belief, defendant Sgt. Costin, Det. Rahman, Det. Sinclair, Det. Rivera, Sgt. Maloney and P.O. John Does # 1-10, at times acting in concert and at times acting independently, committed the following illegal acts against plaintiff:

13. On March 8, 2013, approximately 6am, at plaintiff's apartment on the second floor of 222 Brooklyn Avenue, Brooklyn, New York, the above defendants, at times acting in concert and at times acting independently, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime, unlawfully entered and searched the apartment of plaintiff Vanardi Legrand.

14. Plaintiff was asleep in his bedroom on the second floor of the building when he was awakened by the sound of loud banging in the apartment.

15. Plaintiff listened as the commotion and banging became louder and louder until defendants began pounding on plaintiff's door.

16. Plaintiff opened the door to his apartment and defendant officers immediately entered the apartment at gunpoint without displaying to plaintiff a search warrant, or even claiming that a warrant was being executed.

17. Defendant officers handcuffed plaintiff tightly and conducted a search of his apartment, denying plaintiff's requests to have his handcuffs loosened.

18. Once defendants entered 222 Brooklyn Avenue, Brooklyn, New York, plaintiff was not free to disregard the defendants' questions, walk away or leave the scene.

19. The defendant officers' use of force caused plaintiff to suffer pain and bruising/marks that lasted for several days.

20. At some point, defendants told plaintiff he was being arrested, and he was transported to the 77th precinct for processing.

21. Other family members were also arrested in the building.

22. The defendants found no controlled substance, contraband, or weapons in the apartment with plaintiff or on plaintiff's person, but falsely claimed to have found evidence of criminality justifying an arrest.

23. The plaintiff remained at the 77th precinct for many hours before being transported to Central Booking and waiting many more hours waiting to be arraigned.

24. During this time, in order to cover up their illegal actions, the defendant officers, pursuant to a conspiracy, initiated by a false sworn complaint, falsely and maliciously told the Kings County District Attorney's Office that the plaintiff had knowingly and unlawfully possessed a controlled substance.

25. Plaintiff was released from custody on or about March 9, 2013.

26. After plaintiff's case had been adjourned numerous times, it was resolved in plantiff's favor.

## GENERAL ALLEGATIONS

27. The individual defendants acted in concert in committing the above-described illegal acts against plaintiff.

28. Plaintiff did not resist arrest at any time during the above-described incidents.

29. Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incidents.

30. The individual defendants did not observe the plaintiff violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incidents.

31. The individual defendants acted under pretense and color of state law in their individual and official capacities and within the scope of their employment. Said acts by defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights.

32. As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

33.     Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness, retaliation and indifference to plaintiff's rights.

34.     Upon information and belief, the unlawful actions taken against plaintiff in the above described incidents were also based on profiling.

## FIRST CLAIM
## (UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)

35.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

36.     On the above incident date, defendant officers unlawfully stopped and searched plaintiff without consent, a warrant, or if there was a search warrant, in excess of its scope.

37.     Accordingly, defendants are liable to plaintiff for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM
## (FALSE ARREST UNDER FEDERAL LAW)

38.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

39.     On the above incident date, defendant officers falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

40.     Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## THIRD CLAIM
### (UNREASONABLE FORCE)

41. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

42. On the above incident date, the individual defendants' use of force upon plaintiff was objectively unreasonable.

43. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since plaintiff was unarmed, compliant, and did not resist arrest.

44. Those defendants who did not touch the plaintiff witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

45. Accordingly, the defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## FOURTH CLAIM
### (FAILURE TO INTERVENE)

46. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

47. On the above incident date, defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

48. Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## FIFTH CLAIM
### (FABRICATION OF EVIDENCE)

49. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

50. The defendants are liable to plaintiff because, on the above incident date, they intentionally conspired to fabricate evidence against plaintiff, depriving plaintiff of liberty without due process of law.

51. Furthermore, the defendants violated the law by making false statements by drafting and/or signing sworn criminal court complaints and false police reports.

52. Furthermore, the individual defendants violated the law by manipulating evidence to attempt to obtain a prosecution and unjust conviction, while performing the function of investigators.

53. The individual defendants were on notice that creating fabricated evidence is a clear violation of law because it well established that individuals who knowingly use false evidence at trial to obtain a conviction act unconstitutionally and that this is redressable in an action for damages under 42 U.S.C. § 1983.

54. The individual defendants are also liable to plaintiffs because they intentionally created false information likely to influence a fact finder's or jury's decision by, inter alia, forwarding false information to prosecutors, drafting and signing a sworn criminal court complaint and police reports, omitting and/or manipulating evidence, fabricating testimony and evidence, suppressing and concealing exculpatory material and evidence, and forwarding and presenting false information to a court thereby violating plaintiffs' constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands a jury trial and the following relief, jointly and severally against the defendants:

a. Compensatory damages in the amount of one million dollars ($1,000,000);

b. Punitive damages in the amount of two million dollars ($2,000,000);

c. Costs, interest and reasonable attorney's fees, pursuant to 42 U.S.C. § 1988; and,

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   Brooklyn, New York
         May 19, 2015

_____

LAW OFFICES OF
KENNETH F. SMITH, PLLC
*Attorney for Plaintiff*
16 Court Street, Suite 2901
Brooklyn, New York 11241
(646) 450-9929